CASE NO. 21-4121

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

_____

MELYNDA VINCENT,
*Plaintiff-Appellant*,
v.
MERRICK GARLAND, et. al.,
*Defendants-Appellees*

_____

On Appeal from the United States District Court,
For the District of Utah
Honorable Judge David Barlow, presiding
Case No. 2:20-cv-00883-DBB

_____

**SUPPLEMENTAL BRIEF OF APPELLANT MELYNDA VINCENT**

_____

Sam Meziani (9821)
Amberly Page (17095)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 441-9393
SMeziani@gapclaw.com
APage@gapclaw.com

Jeremy Delicino (9959)
JEREMY DELICINO LLC
9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 364-6474
jeremy@jeremydelicino.com

Jeffrey T. Green
GREEN LAW CHARTERED LLC
5203 Wyoming Road
Bethesda, Maryland 20816
Telephone: (240) 286-5686
jeff@greenlawchartered.com

*Attorneys for Appellant*

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ........................................................................................1

ARGUMENT .................................................................................................................2

    I.  Ms. Vincent's Right to Possess a Firearm is Protected by the Text
       of the Second Amendment ..............................................................................2

    II.  History and Tradition Do Not Support Disarming Ms. Vincent ...............3

    III.  If the Panel Considers itself bound by *McCane*, then Sua Sponte
       En Banc Review is Warranted..................................................................7

CONCLUSION................................................................................................................7

CERTIFICATE OF SERVICE ........................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783,
   171 L.Ed. 2d 637 (2008)............................................................................2, 6

*Kanter v. Barr*, 919 F.3d 437 (7th. Cir. 2019)......................................................2

*New York Pistol & Rifle Association v. Bruen,* 597 U.S. 1, 142 S.Ct. 2111,
   213 L.Ed. 2d 387 (2022)...................................................................1, 3, 6, 7

*United States v. Forbis*, ___ F.Supp. 3d ___
   2024 WL 3824642 (N.D. Okla., August 14, 2024) .............................................1

*United States v. McCane*, 573 F.3d 1037 (10th. Cir. 2009). ................................6, 7

*United States v. Rahimi*,
   602 U.S. ___, 144 S.Ct. 1889 (June 21, 2024) ............................1, 2, 3, 4, 5, 6, 7

*United States v. Williams*, ___ F.4th ___,
   2024 WL 2912894 (6th Cir. August 23, 2024).................................................3, 6

*Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023)..................................................7

*Wellons v. Hall*, 558 U.S. 220, 130 S.Ct. 727,
   175 L.Ed. 2d 684 (2010).................................................................................1

# SUMMARY OF ARGUMENT

The Supreme Court directed this court to reconsider Ms. Vincent's case in light of *U.S. v. Rahimi*.[1] An order granting certiorari, vacating judgment, and remanding "is appropriate when intervening developments…reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome' of the matter."[2] The GVR order thus requires the panel to consider whether *Rahimi* compels a different resolution of this case.

*Rahimi*, like *New York State Rifle & Pistol Association, Inc. v. Bruen*,[3] requires the court to engage in the historical analysis, but the prior decision in this case did not engage in that analysis. As a district court in this circuit recently concluded: "Having reviewed *Rahimi*, the court concludes that it compels a different resolution of *Vincent*."[4]

Applying *Rahimi* to Ms. Vincent's as-applied challenge, the court should find 922(g)(1) unconstitutional.

---

[1] 602 U.S. \_\_\_, 144 S.Ct. 1889, 219 L.Ed.2d 351 (June 21, 2024).
[2] *U.S. v. Forbis*, 2024 WL 3824642, *4, \_\_\_ F.Supp. 3d \_\_\_ (N.D. Okla., August 14, 2024) (quoting *Wellons v. Hall*, 558 U.S. 220, 225, 130 S.Ct. 727, 731, 175 L.Ed. 2d 684 (2010)).
[3] 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed. 2d 387 (2002).
[4] *Forbis*, \_\_\_ F.Supp. 3d at \_\_\_, 2024 WL 3824642, *4.

1

# ARGUMENT

### I. Ms. Vincent's Right to Possess a Firearm is Protected by the Text of the Second Amendment

In *District of Columbia v. Heller*,[5] the Supreme Court held the Second Amendment codified the individual and pre-existing right to bear arms.[6] The Founders believed the individual right to carry arms was a component of the natural right of self-defense.[7] Blackstone described the right to possess arms as part of "the natural right of resistance and self-preservation."[8] As the Court in *Heller* recognized, "the Second Amendment right is exercised individually and belongs to all Americans."[9]

In *Rahimi*, the Court did not conclude that Zackey Rahimi was not a person within the text of the Second Amendment based on his unlawful conduct, rather,

---

[5] 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed. 2d 637 (2008).
[6] *Heller*, 554 U.S. at 592.
[7] *Heller*, 554 U.S. 570 at 584–85. *See also Kanter v. Barr*, 919 F.3d 437, 464 (7th. Cir. 2019) (Barrett, J., dissenting) ("The Second Amendment confers an individual right, intimately connected with the natural right of self-defense ….").
[8] *Heller*, 554 U.S. at 594.
[9] *Heller*, 554 U.S. at 581. *See also Kanter*, 919 F.3d at 435 (Explaining felons are within the scope of the Second Amendment, "the question is whether the government has the power to disable the exercise of a right that they otherwise possess, rather than whether they possess the right at all.").

the question was whether he could be disarmed consistent with history and tradition.[10]

Recently in *U.S. v. Williams*,[11] the Sixth Circuit agreed with the argument Ms. Vincent made in her initial brief: the phrase "the people" has the same meaning in the First, Second, and Fourth Amendments. A citizen does not forever lose First and Fourth Amendment rights by virtue of a felony conviction.[12] The suggestion the same words in the Second Amendment operate differently "is implausible under ordinary principles of construction."[13]

The panel should reach the same conclusion here and find that Ms. Vincent is "part of 'the people' whom the Second Amendment protects."[14]

## II. History and Tradition Do Not Support Disarming Ms. Vincent

*Rahimi* repeated the Supreme Court's direction in *Bruen* that lower courts must examine the historical tradition of firearm regulation when considering Second Amendment challenges. As the Court instructed: "[T]he appropriate

---

[10] *Rahimi*, 602 U.S. at ___, 144 S.Ct. at 1902 ("[T]he Second Amendment right may only be burdened once a defendant has been found to pose a credible threat to the physical safety of others.").
[11] ___ F.4th ___, 2024 WL 3912894 (6th Cir. August 23, 2024).
[12] *Id.* at *7.
[13] *Id.*
[14] *Bruen*, 597 U.S. at 31–32, 142 S. Ct. at 2134.

3

analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition."[15]

As shown in Ms. Vincent's opening and reply brief, there was no Founding or Reconstruction era law or principle that can be analogized, even broadly, to justify permanently disarming a person convicted of a non-violent offense.

*Rahimi* applied two distinct bodies of law to the Second Amendment challenge: (1) surety laws and (2) "going armed" laws. These regulatory traditions do not support disarming Ms. Vincent.

First, the surety laws required a finding of dangerousness and involved "significant procedural protections."[16] More importantly, the surety laws were temporary in nature.[17] In Massachusetts for example, a bond could not last more than six months, and an individual could obtain an exception for self-defense.[18]

Second, the "going armed" laws targeted *individuals* whose immediate conduct was found by a magistrate to be threatening and disruptive of the public order.[19] And while the Court noted in *Rahimi* that "we do not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger

---

[15] *Rahimi*, 602 U.S. at ___, 144 S.Ct. at 1898.
[16] *Id.* at ___, 144 S.Ct. at 1900.
[17] *Id.*
[18] *Id.*
[19] *Id.* at ___, 144 S.Ct. at 1901.

of misuse,"[20] the Court went to say, in the same sentence, that one principal reason Section 922(g)(8) was constitutional was because a court had found this Mr. Rahimi to be a "credible threat to the physical safety of another."[21] The Court also emphasized that Section 922(g)(8) was of limited duration and not a present ban.[22]  In these respects, Section 922(g)(8) is consistent with the surety and going-about-armed historical precedents.

It is no answer that *Rahimi* brought only a facial challenge.  Instead, that difference makes the government's burden higher here, because it must demonstrate that the factors that made Section 922(g)(8) constitutional in Mr. Rahimi's case, thereby defeating the facial challenge, are present in Ms. Vincent's case.

Those factors, applied here, confirm what common sense instructs. Ms. Vincent, who did not commit a violent felony, has never been violent, and who poses no risk to public order beyond the ordinary American trusted with arms, may not be permanently disarmed.  Ms. Vincent is non-violent, fully reformed, and perfectly capable of exercising her Second Amendment rights responsibly.  Thus, the court should readily conclude that Section 922(g)(1) is unconstitutional as applied to Ms. Vincent.

---

[20] *Id.*
[21] *Id.* at 1901–02.
[22] *Id.* at 1902.

5

In the prior decision, the panel relied upon *U.S. v. McCane*,[23] but *McCane* is inconsistent with the logic of *Rahimi*. *Rahimi*, like *Bruen*, requires district courts to focus on whether a given statute is consistent with the principles that undergird the Nation's history of firearm regulation. The logic of *Rahimi* will support contemporary enforcement of a firearm law only if it is consistent with foundational principles.

*McCane* does not respect this logic because *McCane* myopically asks only if there was a prior felony legal violation of whatever nature and relies upon the Court's dicta in *Heller* regarding existing laws governing felons and the mentally disabled. But McCane predated both *Bruen* and *Rahimi*, and the Court in *Heller* made clear that its decision didn't "clarify the entire field" of the Second Amendment's history, and that felon dispossession laws would require independent "historical justifications."[24] Now that field has been clarified, if not entirely, with respect to laws dispossessing felons of firearms. In *Williams*, the Sixth Circuit recently determined its pre-*Bruen*, pre-*Rahimi* authority was no longer viable finding *Bruen* and *Rahimi* "supersede our circuit's past decisions on 922(g)."[25]

---

[23] 573 F.3d 1037 (10th. Cir. 2009).
[24] *Williams*, 2024 WL 3912894 at *2 (citing *Heller*, 554 U.S. at 635, 128 S.Ct. 2783).
[25] *Id.* at *4.

### III. If the Panel Considers itself bound by *McCane*, then Sua Sponte En Banc Review is Warranted

In *Vincent v. Garland*,[26] this court did not conduct a historical inquiry. If the panel maintains it may not perform an historical inquiry in light of a pre-*Bruen*, pre-*Rahimi* panel decision, then Ms. Vincent respectfully requests that this honorable court order en banc review sua sponte so that the full Court may assess its prior precedent in light of *Bruen* and *Rahimi*.

### CONCLUSION

The court should declare that 18 U.S.C. §922(g)(1) violates the Second Amendment as applied to Ms. Vincent.

DATED: September 16, 2024

/s/ Sam Meziani
Sam Meziani
Amberly Page
*Attorneys for Appellant*

---

[26] 80 F.4th 1197 (10th Cir. 2023).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this **SUPPLEMENTAL BRIEF OF APPELLANT MELYNDA VINCENT** was served on September 16, 2024, via the Court's CM/ECF filing system which sent notification to all counsel of record.

                                                             */s/ Sam Meziani*