No. 21-4121

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

MELYNDA VINCENT,

        Plaintiff-Appellant,

v.

MERRICK GARLAND,

        Defendant-Appellee.

On Appeal from the United States District Court
for the District of Utah
District Court Case No. 2:20-cv-00883 (Judge Barlow)

**APPELLEE'S SUPPLEMENTAL RESPONSE BRIEF
ADDRESSING *UNITED STATES V. RAHIMI***

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*
TRINA A. HIGGINS
  *United States Attorney*
MARK B. STERN
MICHAEL S. RAAB
KEVIN B. SOTER
  *Attorneys, Appellate Staff
  Civil Division, Room 7222
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 305-1754*

**TABLE OF CONTENTS**

Page

ARGUMENT ............................................................................................... 1

THE SUPREME COURT'S DECISION IN *RAHIMI* PROVIDES FURTHER
     SUPPORT FOR THIS COURT'S PRIOR DECISION IN THIS CASE. .................... 1

     A.   *Rahimi* offers no basis for disregarding this Court's precedent
          upholding Section 922(g)(1)'s constitutionality in all its
          applications. ............................................................................... 1

     B.   Text and history confirm that the application of Section
          922(g)(1) to Vincent is consistent with the Second
          Amendment. ................................................................................ 9

CONCLUSION ......................................................................................... 10

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:** Page(s)

*District of Columbia v. Heller*,
 554 U.S. 570 (2008) ................................................................. 1, 2, 4, 4-5

*Garland v. Range*,
 144 S. Ct. 2706 (2024) ................................................................. 8

*Jackson v. United States*,
 144 S. Ct. 2710 (2024) ................................................................. 8

*McDonald v. City of Chicago*,
 561 U.S. 742 (2010) ................................................................. 2

*New York State Rifle & Pistol Ass'n v. Bruen*,
 597 U.S. 1 (2022) ................................................................. 2

*New York State Rifle & Pistol Ass'n v. City of New York*,
 590 U.S. 336 (2020) ................................................................. 5

*Texas v. United States*,
 798 F.3d 1108 (D.C. Cir. 2015) ................................................................. 7

*Tyler v. Cain*,
 533 U.S. 656 (2001) ................................................................. 7

*United States v. Curry*,
 No. 23-1047, 2024 WL 3219693 (10th Cir. June 28, 2024) ................................................................. 5

*United States v. Forbis*:
 687 F. Supp. 3d 1170 (N.D. Okla. 2023) ................................................................. 7
 No. 23-cr-133, 2024 WL 3824642 (N.D. Okla. Aug. 14, 2024),
  *appeal pending*, No. 24-5097 (10th Cir. filed Aug. 14, 2024) ................................................................. 6, 7

*United States v. Harris,*
 No. 24-cv-331, 2024 WL 3571756 (W.D. Okla. July 29, 2024) ................................................................. 5

*United States v. Hester,*
 No. 23-11938, 2024 WL 4100901 (11th Cir. Sept. 6, 2024) ................................................................. 5-6

*United States v. Jackson,*
 110 F.4th 1120 (8th Cir. 2024) ................................................................. 6, 8, 9

*United States v. Mayberry,*
 No. 24-cv-768, 2024 WL 4376159 (W.D. Okla. Oct. 2, 2024) ..................... 5

*United States v. McCane*,
 573 F.3d 1037 (10th Cir. 2009) ........................................................... 2, 3

*United States v. Rahimi*,
 144 S. Ct. 1889 (2024) ....................................................... 1, 3, 4, 5, 8, 10

*United States v. Sutton,*
 No. 24-cr-168, 2024 WL 3932841 (N.D. Okla. Aug. 23, 2024) .................. 5

*United States v. Watkins,*
 No. 24-cr-58, 2024 WL 4381340 (D. Colo. Oct. 3, 2024) .......................... 5

*Vincent v. Garland*,
 80 F.4th 1197 (10th Cir. 2023), *cert. granted*, *judgment vacated*,
 144 S. Ct. 2708 (2024) ...................................................... 1, 2, 3, 4, 5

*Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig., In re*,
 722 F.3d 838 (6th Cir. 2013) ................................................................... 8

**Statutes:**

18 U.S.C. § 922(g) ................................................................................. 8

18 U.S.C. § 922(g)(1) ............................................................................. 1

18 U.S.C. § 922(g)(8) ............................................................................. 4

In its prior decision in this case, this Court held that its precedent required the dismissal of plaintiff-appellant Melynda Vincent's Second Amendment challenge to 18 U.S.C. § 922(g)(1), which bars the possession of firearms by persons convicted of crimes punishable by more than one year of imprisonment. *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), *cert. granted*, *judgment vacated*, 144 S. Ct. 2708 (2024). On remand from the Supreme Court, this Court has directed the parties to submit supplemental briefs addressing the impact of *United States v. Rahimi*, 144 S. Ct. 1889 (2024). For the following reasons, *Rahimi* buttresses this Court's reasoning in upholding Section 922(g)(1)'s constitutionality.

## ARGUMENT

### THE SUPREME COURT'S DECISION IN *RAHIMI* PROVIDES FURTHER SUPPORT FOR THIS COURT'S PRIOR DECISION IN THIS CASE.

#### A. *Rahimi* offers no basis for disregarding this Court's precedent upholding Section 922(g)(1)'s constitutionality in all its applications.

The Constitution protects an individual right to keep and bear arms, but, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Thus, a "variety" of firearm regulations are consistent with the Second Amendment. *Id.* at 636. In recognizing an individual right to bear arms, the Supreme Court in *Heller* cautioned that "nothing in [the Court's] opinion should be taken to

cast doubt" on "longstanding prohibitions on the possession of firearms by felons," which the Court described as "presumptively lawful." *Id.* at 626, 627 n.26. In *McDonald v. City of Chicago*, a plurality of the Court "repeat[ed]" these "assurances" that *Heller*'s holding "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'" 561 U.S. 742, 786 (2010) (plurality opinion) (quoting *Heller*, 554 U.S. at 626).

In its prior decision in this case, this Court applied its decision in *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), which "uph[e]ld the constitutionality of the federal ban on felons' possession of firearms." *Vincent v. Garland*, 80 F.4th 1197, 1199 (10th Cir. 2023), *cert. granted*, *judgment vacated*, 144 S. Ct. 2708 (2024). This Court is "generally obligated to apply [its] own precedents," and *McCane* "squarely upheld the constitutionality of the ban on felons' possession of firearms" without providing any "basis to draw constitutional distinctions based on the type of felony involved." *Id.* at 1200, 1202.

In its prior opinion, this Court carefully considered whether "the Supreme Court ha[d] issued an opinion contradicting or invalidating the analysis" in *McCane*. *Vincent*, 80 F.4th at 1200. The Court explained that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), does not satisfy that standard. *McCane* "relied solely" on *Heller*'s

2

statements regarding the constitutionality of felon-dispossession statutes, "reasoning that the Supreme Court had appeared to recognize the constitutionality of longstanding prohibitions on possession of firearms by convicted felons." *Vincent*, 80 F.4th at 1201 (citing *McCane*, 573 F.3d at 1047). When the Supreme Court in *Bruen* subsequently directed courts to analyze Second Amendment claims based on text and history, the Court still "didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons," *id.*, nor did the Court "expressly abrogate[] anything that [this Court] had said in *McCane*," *id.* at 1200 n.3. "If anything, *Bruen* contains two potential signs of support for these prohibitions": "six of the nine Justices pointed out that *Bruen* was not casting any doubt" on the language in *Heller* that *McCane* had relied upon, and *Bruen* "apparently approved the constitutionality of regulations requiring criminal background checks before applicants could get gun permits." *Id.* at 1201-02. Accordingly, *Bruen* "did not indisputably and pellucidly abrogate [this Court's] precedential opinion in *McCane*," which remains binding. *Id.* at 1202.

The Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), likewise does not "indisputably and pellucidly abrogate" this Court's precedent upholding felon-dispossession statutes. Like *Bruen*, *Rahimi* focuses on whether historical tradition supports the specific law that was

3

challenged—there 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by individuals subject to certain domestic violence restraining orders. And, like *Bruen*, *Rahimi* does not "question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons." *Vincent*, 80 F.4th at 1201.

*Rahimi* does not expressly abrogate any part of this Court's analysis in *McCane* or the prior decision in this case and, on the contrary, provides additional support for this Court's prior holding. The Court repeated *Heller*'s assurances regarding the constitutionality of felon-dispossession statutes, and it gave effect to that language at two different points in its analysis. First, the Court emphasized that nothing in its historical analysis was meant to "suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Rahimi*, 144 S. Ct. at 1901 (citing *Heller*, 554 U.S. at 626). Second, in rejecting the respondent's argument that Congress cannot bar firearm possession in the home, the Court stressed that "*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id.* at 1902 (quoting *Heller*, 554 U.S.

4

at 626, 627 n.26). Indeed, in *Rahimi,* as in prior cases, various Justices have joined the Court's opinions on the explicit understanding that this language from *Heller* describes "traditional exceptions to the right" to bear arms that have already been "recognized." *Id.* at 1923 (Kavanaugh, J., concurring); *see also, e.g.*, *New York State Rifle & Pistol Ass'n v. City of New York*, 590 U.S. 336, 364 (2020) (Alito, J., dissenting) (stating that the Court has "recognized that history supported the constitutionality" of laws "prohibiting possession by felons").

In short, *Rahimi's* historical analysis, like that in *Bruen*, provides no basis for disregarding this Court's precedents upholding felon-dispossession statutes. Several persuasive post-*Rahimi* decisions have recognized as much. *See, e.g.*, *United States v. Curry*, No. 23-1047, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024) ("The Supreme Court's recent holding in *United States v. Rahimi* does not 'indisputably and pellucidly abrogate' *Vincent* and *McCane* . . . ." (citation omitted) (quoting *Vincent*, 80 F.4th at 1202)); *United States v. Harris*, No. 24-cv-331, 2024 WL 3571756, at *4 (W.D. Okla. July 29, 2024); *United States v. Sutton*, No. 24-cr-168, 2024 WL 3932841, at *3-4 (N.D. Okla. Aug. 23, 2024); *United States v. Mayberry*, No. 24-cv-768, 2024 WL 4376159, at *2 (W.D. Okla. Oct. 2, 2024); *United States v. Watkins*, No. 24-cr-58, 2024 WL 4381340, at *2 (D. Colo. Oct. 3, 2024); *cf., e.g.*, *United States v. Hester*, No. 23-11938, 2024 WL

5

4100901, at *1 (11th Cir. Sept. 6, 2024) (per curiam) (recognizing that the Eleventh Circuit's similar precedent upholding Section 922(g)(1) remains binding after *Rahimi*); *United States v. Jackson*, 110 F.4th 1120, 1122 (8th Cir. 2024) (upholding Section 922(g)(1) on remand from the Supreme Court, explaining that "*Rahimi* does not change our conclusion in this appeal").

Vincent nonetheless contends that this Court should set aside its precedent on the ground that it is "inconsistent with the logic of *Rahimi*" because "*Rahimi*, like *Bruen*, requires district courts to focus on whether a given statute is consistent with the principles that undergird the Nation's history of firearm regulation." Pl. Suppl. Br. 6. In Vincent's view, this Court's decision in "*McCane* does not respect" the "logic" of *Bruen* and *Rahimi* because *McCane* relies upon the Supreme Court's specific statements about felon-dispossession statutes. *Id.*

That is the same argument this Court correctly rejected in its prior decision. And for the reasons discussed above, *Rahimi* does not support Vincent's renewed contention that *Bruen* abrogates this Court's precedent, and indeed, *Rahimi* affirmatively undermines that claim.

Vincent's reliance on the district court's decision in *United States v. Forbis*, No. 23-cr-133, 2024 WL 3824642 (N.D. Okla. Aug. 14, 2024), *appeal pending*, No. 24-5097 (10th Cir. filed Aug. 14, 2024), underscores that the principal

basis for her argument continues to be the assertion that *Bruen* abrogated this Court's decision in *McCane*. In an earlier decision in the same case, the district court concluded that "*Bruen* constitutes an intervening decision that relieves a district court of its obligation to follow Tenth Circuit authority" upholding felon-dispossession statutes. *United States v. Forbis*, 687 F. Supp. 3d 1170, 1176 (N.D. Okla. 2023). The district court issued that ruling without the benefit of this Court's decision in this case, which explained in detail why *Bruen* does not satisfy the standard for abrogation of Circuit precedent. In its post-*Rahimi* ruling, the district court failed to give effect to this Court's analysis and instead asserted that *Rahimi* "reinforces the court's [earlier] decision" that *McCane* did not remain good law. *Forbis*, 2024 WL 3824642, at *5.

Vincent appears to suggest that the Supreme Court's remand order itself indicates that this Court should reach a different conclusion after *Rahimi*. *See* Pl. Suppl. Br. 1 & n.2 (citing *Forbis*, 2024 WL 3824642, at *4). But "it is well-settled that" the type of order the Supreme Court issued here, known as a GVR (granting certiorari, vacating the court of appeals' judgment, and remanding), "has no precedential weight and does not dictate how the lower court should rule on remand." *Texas v. United States*, 798 F.3d 1108, 1116 (D.C. Cir. 2015) (citing *Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001)). This Court's task on remand is to "simply determine whether [its] original decision . . . was correct

7

or whether [the intervening Supreme Court decision] compels a different resolution." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 845 (6th Cir. 2013). For the reasons already discussed, *Rahimi* compels the same conclusion this Court reached in its prior decision.[1]

Finally, Vincent requests that, if this Court concludes that Circuit precedent remains binding, the Court should "order en banc review sua sponte." Pl. Suppl. Br. 7. En banc review was not warranted—or even sought—when this case was previously pending before this Court. Nor is it warranted now. This Court's governing decisions are correct and accord with the Supreme Court's specific statements regarding felon-dispossession statutes. The Supreme Court's reiteration of those statements in *Rahimi* underscores that there is no ground for this Court to revisit its precedent.

---

[1] After *Rahimi*, the Supreme Court issued GVR orders in several cases raising Second Amendment challenges to provisions of 18 U.S.C. § 922(g), including cases where courts of appeals had reached divergent outcomes when applying *Bruen*'s historical-tradition test to Section 922(g)(1). *See, e.g.*, *Garland v. Range*, 144 S. Ct. 2706 (2024); *Jackson v. United States*, 144 S. Ct. 2710 (2024). On remand, these courts should ensure that they have not "misunderstood the methodology of [the Supreme Court's] recent Second Amendment cases," which "were not meant to suggest a law trapped in amber." *Rahimi*, 144 S. Ct. at 1897. This Court's prior decision—like the Eighth Circuit's precedent upholding Section 922(g)(1), *see Jackson*, 110 F.4th at 1122—includes no such misunderstanding.

## B. Text and history confirm that the application of Section 922(g)(1) to Vincent is consistent with the Second Amendment.

For the reasons already explained, this Court should reaffirm that Vincent's challenge fails under Circuit precedent. The Court need go no further, although it of course has discretion to elaborate on the reasoning of its decision. *See Jackson*, 110 F.4th at 1125-27 (relying on the Supreme Court's "assurances" regarding felon-dispossession statutes, as well as "the history that supports them," and then discussing that history). Were the Court to do so, the government's principal brief in this case detailed substantial textual and historical support for Section 922(g)(1), *see* Gov't Br. 16-50, and the available evidence buttressing this conclusion has only become more robust with the passage of time. *See, e.g.*, Petition for a Writ of Certiorari at 7-22, *Garland v. Range*, No. 23-374 (U.S. Oct. 5, 2023), 2023 WL 6623648; Supplemental Brief of Appellees Addressing *United States v. Rahimi*, *Range v. Attorney General*, No. 21-2835 (3d Cir. Aug. 2, 2024), 2024 WL 3691991.

Vincent's supplemental brief repeats the textual and historical arguments made in her earlier briefs, and it further contends that the specific "regulatory traditions" addressed in *Rahimi* "do not support disarming Ms. Vincent." Pl. Suppl. Br. 4-5. *Rahimi* addressed a different issue of historical analysis to that presented here. *Rahimi* cited specific regulatory traditions particularly relevant

9

to its conclusion that Section 922(g)(8) fits within a historical tradition of disarmament based on a court's finding that a particular individual poses a threat of physical violence to another. *Rahimi*, 144 S. Ct. at 1901. The Court made clear that this is not the only principle that can be discerned from historical tradition. Indeed, the Court made explicit that its decision was "not suggest[ing] that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Id.* Section 922(g)(1) is an example of one such law, and it is consistent with text, history, and tradition for reasons that have been addressed in greater detail in the filings and decisions referenced above.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*
TRINA A. HIGGINS
  *United States Attorney*
MARK B. STERN
MICHAEL S. RAAB

 */s/ Kevin B. Soter*
KEVIN B. SOTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7222*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*
  *kevin.b.soter@usdoj.gov*

October 2024

# CERTIFICATE OF COMPLIANCE

This brief complies with the Court's August 5 order because it contains 10 pages, excluding the parts of the brief exempted under Rule 32(f). This brief also complies with the typeface and type-style requirements of that order and Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Calisto MT 14-point font, a proportionally spaced typeface.

/s/ *Kevin B. Soter*
Kevin B. Soter