CASE NO. 21-4121

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

MELYNDA VINCENT,
*Plaintiff-Appellant*,
v.
MERRICK GARLAND, et. al.,
*Defendants-Appellees*

On Appeal from the United States District Court,
For the District of Utah
Honorable Judge David Barlow, presiding
Case No. 2:20-cv-00883-DBB

## APPELLANT'S SUPPLEMENTAL REPLY BRIEF

Sam Meziani (9821)
Amberly Page (17095)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 441-9393
SMeziani@gapclaw.com
APage@gapclaw.com

Jeffrey T. Green
GREEN LAW CHARTERED LLC
5203 Wyoming Road
Bethesda, Maryland 20816
Telephone: (240) 286-5686
jeff@greenlawchartered.com

Jeremy Delicino (9959)
JEREMY DELICINO LLC
9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 364-6474
jeremy@jeremydelicino.com

*Attorneys for Appellant*

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................ 1

    I.    The Supreme Court's Decision in *Rahimi* Requires Lower Courts to Apply Historical Analysis.................................................................................... 1

    II.   There is No Historical Basis to Support Disarming Ms. Vincent, a Non-Violent Felon ............................................................................................................ 2

CONCLUSION ........................................................................................................... 4

CERTIFICATE OF SERVICE .................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*District of Columbia v. Heller*, 554 U.S. 570 (2008)................................................................1, 2

*Kanter v. Barr*, 919 F.3d 437 (7th. Cir. 2019) ............................................................................1, 2

*New York Pistol & Rifle Association v. Bruen,* 597 U.S. 1 (2022)..........................................1, 2, 3

*United States v. Salerno*, 481 U.S. 739 (1987) ................................................................................2

*United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)..........................................................1, 2

*United States v. Rahimi*, 602 U.S. ___, 144 S.Ct. 1889 (June 21, 2024)..................................1, 2, 3

**ARGUMENT**

I. **The Supreme Court's Decision in *Rahimi* Requires Lower Courts to Apply Historical Analysis**

The most reasonable construction of the GVR order is that this court should apply the historical analysis required by *United States v. Rahimi*.[1] When it issued its GVR order, the Supreme Court was aware of *United States v. McCane*[2] and the court's application of *McCane* in this case. If *McCane* remains undisturbed and controlling in cases like Ms. Vincent's, it would prohibit courts in this circuit from applying the historical analysis called for by *New York Pistol & Rifle Association v. Bruen*[3] and *Rahimi*. If the Court had intended or accepted that *McCane* apply as is, without examination or alteration, there would have been no need to GVR for consideration in light of *Rahimi*. But the Supreme Court granted Ms. Vincent's petition for certiorari review and vacated and remanded this court's decision with specific instructions for further consideration of Ms. Vincent's case in light of the historical inquiry mandated by *Rahimi*.

*Rahimi*, like *Bruen*, calls for an historical inquiry, an inquiry this court never conducted. *McCane* is based on dicta from *District of Columbia v. Heller*[4], and *Heller* itself noted the Supreme Court did not "undertake an exhaustive historical analysis…of the full scope of the Second Amendment."[5] Indeed, *Heller* "explicitly deferred analysis"[6] of the issue of felon dispossession, explaining "there will be time enough to expound upon the historical justifications for the exceptions we have mentioned if and when those exceptions come before us."[7] Justice

---

[1] 602 U.S. ___, 144 S.Ct. 1889 (June 21, 2024).
[2] 573 F.3d 1037 (10th Cir. 2009).
[3] 597 U.S. 1 (2022).
[4] 554 U.S. 570 (2008).
[5] *Id.* at 626.
[6] *Kanter v. Barr*, 919 F.3d 437, 453 (7th Cir. 2019) (Barrett, J. dissenting).
[7] 554 U.S. at 635.

Gorsuch wrote separately in *Rahimi* to make that point clear. As he put it, "Rahimi's facial challenge to § 922(g)(8) necessarily leaves open the question whether the statute might be unconstitutional as applied in 'particular circumstances.'"[8] The Supreme Court in *Bruen* also counseled that courts in future cases would be tasked with applying the historical method to new challenges, emphasizing that the task of applying the historical test "is an essential component of judicial decision making…."[9] *McCane* therefore does not insulate courts from the obligation to faithfully apply clarifying Supreme Court precedent and methods.

The Supreme Court has stated pellucidly that Second Amendment questions like the question here should be resolved based on history and tradition and judicial reasoning by analogy. Ms. Vincent therefore asks the court to resolve this important case by reference to history and tradition and not rely on effectively overruled pre-*Bruen* precedent that precluded consideration of history and tradition.

## II. There is No Historical Basis to Support Disarming Ms. Vincent, a Non-Violent Felon

In her 2019 dissent in *Kanter*, then Judge Barrett observed that scholars have not been able to identify any founding era law "explicitly imposing—or explicitly authorizing the legislature to impose" a comprehensive firearm ban on all felons, including non-violent felons.[10] Instead, history supports "the proposition that the state can take away the right to bear arms from a category of people that it deems dangerous."[11] After years of litigation in courts across the nation, these statements remain true today.

---

[8] 144 S.Ct. at 1909 (Gorsuch, J., concurring) (quoting *United States v. Salerno*, 481 U.S. 739 (1987)).
[9] 597 U.S. at 31.
[10] 919 F.3d at 454 (Barrett, J., dissenting).
[11] *Id.* at 464 (Barrett, J., dissenting).

No party, including the United States, has been able to identify an actual historical analogue that supports disarming a non-violent felon like Ms. Vincent. It is true that the surety laws and "going armed" laws do not have direct application to Ms. Vincent's offense, but the inquiry mandated by *Rahimi* is not limited to the particular historical traditions applicable to Zackey Rahimi, a violent offender. *Rahimi* mandates that each citizen's Second Amendment rights must be determined by "the principles that underpin our regulatory tradition," and courts must consider whether the challenged law is "relevantly similar" to a Founding-Era analogue.[12] This mandate applies to Ms. Vincent as it did to Mr. Rahimi.

There is no Founding-Era analogue that supports disarming a non-violent financial offender like Ms. Vincent. Fraud is as old as human dealings. It is proscribed by the Eighth Commandment, and yet there is no evidence of any firearm regulation linked to fraud offenses at the Founding or at Reconstruction. This is in stark contrast to the established regulatory traditions governing conduct that threatens individual safety and public peace. The utter absence of any analogous regulatory tradition to address this ubiquitous "general societal problem" is compelling evidence that § 922(g)(1) "is inconsistent with the Second Amendment"[13] as applied to Ms. Vincent.

Faithfully applying *Rahimi*, the court should declare that the Government has not met its burden to justify application of 18 U.S.C. § 922(g)(1) to Ms. Vincent.

---

[12] 144 S.Ct. at 1898.
[13] *Bruen*, 597 U.S. at 26.

4

## CONCLUSION

The court should declare that 18 U.S.C. § 922(g)(1) violates the Second Amendment as applied to Ms. Vincent.

DATED: November 7, 2024

                                                  */s/ Sam Meziani*
                                                  Sam Meziani
                                                  Amberly Page
                                                  *Attorneys for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this **SUPPLEMENTAL REPLY BRIEF OF APPELLANT MELYNDA VINCENT** was served on November 7, 2024, via the Court's CM/ECF filing system, which sent notification to all counsel of record.

/s/ Sam Meziani