

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

December 20, 2024

**By ECF**

Christopher M. Wolpert, Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

    Re:   *Vincent v. Garland*, No. 21-4121

Dear Mr. Wolpert:

    We respectfully inform the Court of the Fourth Circuit's decision in *United States v. Hunt*, No. 22-4525, 2024 WL 5149611 (Dec. 18, 2024). *Hunt* rejected a facial and as-applied challenge to 18 U.S.C. § 922(g)(1), holding that "the specific conviction that established [the challenger]'s inability to lawfully possess firearms" was not relevant to the court's analysis because "'there is no need for felony-by-felony litigation regarding the constitutionality' of Section 922(g)(1)." *Id.* at *1 (quoting *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024)). That conclusion accords with this Court's prior decision in this case as well as decisions of the Eighth and Eleventh Circuits. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2708 (2024); *Jackson*, 110 F.4th at 1125; *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024).

    The Fourth Circuit relied on post-*Heller* circuit precedents upholding felon-dispossession statutes based on the Supreme Court's assurances that such provisions are "presumptively lawful" and that the Supreme Court's Second Amendment decisions should not "be taken to cast doubt" on such longstanding prohibitions. *Hunt*, 2024 WL 5149611, at *3-4; *see also Dubois*, 94 F.4th at 1293; *Vincent*, 80 F.4th at 1201-02.

The Fourth Circuit held that, even if it were "unconstrained" by its circuit precedent, it would conclude that Section 922(g)(1) comports with Supreme Court precedent and the Second Amendment's text, history, and tradition. *Hunt*, 2024 WL 5149611, at *5-8. Reasoning that the Supreme Court's recent decision in *Rahimi* "provides important guidance" in evaluating Section 922(g)(1), the Fourth Circuit concluded that firearm possession by felons falls outside the scope of the Second Amendment and that the historical record "contains ample support" for Congress's decision to disarm felons on a categorical basis. *Hunt*, 2024 WL 5149611, at *5-6. Such support includes laws disarming persons who demonstrated disrespect for society's legal norms as well as laws categorically disarming dangerous groups without requiring individualized dangerousness determinations. *Id.* at *6-7.

The Fourth Circuit's reasoning underscores that, as explained in the government's earlier briefing, Vincent's challenge to Section 922(g)(1) should be rejected.

        Sincerely,

        */s/ Kevin B. Soter*
        Kevin B. Soter

cc:    All counsel (via CM/ECF)