

405 South Main Street, Suite 200
Salt Lake City, Utah 84111

p: 801.441.9393
w: www.GAPClaw.com

Goebel Anderson PC

Mark L. Anderson
Timothy J. Curtis[1]
Jill L. Dunyon
Heidi G. Goebel[2]
Sam Meziani[3]
Jake M. Miller[4]
Amberly Page
Zachary E. Peterson
Ella S. Smith

1 Also licensed in Arizona
2 Also licensed in Colorado, Illinois, Indiana and New York
3 Also licensed in Wyoming
4 Also licensed in Washington

December 23, 2024

Christopher M. Wolpert
Tenth Circuit Court of Appeals
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:     *Melynda Vincent v. Merrick Garland, et al.*
        Case No. 21-4121

Dear Mr. Wolpert,

We provide the following response to the Government's Letter of Supplemental Authority filed December 20, 2024.

In the prior proceeding, the Government assured the court that legislatures retain the power to disarm citizens deemed not "responsible."[1] That assurance was wrong. There was no legitimate historical basis for the claim, and in *Rahimi*, the United States Supreme Court rejected the notion citizens could be disarmed based on whether they are "responsible": "'*Responsible' is a vague term. It is unclear what such a rule would entail. Nor does such a line derive from our case law.*"[2] The Government would again lead the court into error through reliance on the recent Fourth Circuit panel decision in *Hunt*, which is ultimately grounded in the same error.

---

[1] Brief for Federal Appellees, January 17, 2023, pp. 12, 13, 23, 24, 42
[2] *U.S. v. Rahimi*, 602 U.S. 680, 701 (2024).

*Hunt* concludes that legislatures have the power to disarm people who have "deviated from legal norms."[3]  What is the basis for this assertion?  It is pre-*Rahimi* Eighth Circuit authorities asserting the existence of a valid "*common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible.*"[4]  Thus, the recent panel decision is grounded in the same erroneous authority that has been overruled by *Rahimi*.

In addition, like the vague, unsupported, and now rejected "responsibility" test, a test that asks courts to determine whether someone has complied with "legal norms" begs the question and is similarly vague.  *Hunt* does not provide a basis to avoid the historical reasoning analysis mandated by *Bruen* and *Rahimi*.

Ms. Vincent is deprived every day of her fundamental Second Amendment right to self-defense and is thus suffering ongoing irreparable harm.  The Government remains unable to point to a historical analogue that supports disarming Ms. Vincent, who is fully reformed and non-violent.

DATED: December 23, 2024

GOEBEL ANDERSON PC

*/s/ Sam Meziani*
Sam Meziani
Amberly Page
*Attorneys for Appellant*

cc: All counsel (via CM/ECF)

---

[3] *U.S. v. Hunt*, 2024 WL 5149611, *6, __ F.4th __ (4th Cir., December 18, 2024).
[4] *Id.* (citing *U.S. v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024), citing in turn *U.S. v. Bena*, 664 F.3d 1180, 1183 (8th Cir. 2011)).