

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

January 3, 2025

**By ECF**

Christopher M. Wolpert, Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

    Re:    *Vincent v. Garland*, No. 21-4121

Dear Mr. Wolpert:

    We respectfully write in response to plaintiff-appellant's letter regarding the Third Circuit's decision in *Range v. Attorney General*, No. 21-2835, 2024 WL 5199447 (3d Cir. Dec. 23, 2024) (en banc) (*Range II*). On remand from the Supreme Court, a majority of the Third Circuit held that Section 922(g)(1) is unconstitutional as applied to an individual with a disqualifying 1995 conviction for a state-law fraud offense. For the reasons discussed in the government's briefs and by the dissenting judges in *Range*, the Third Circuit's conclusion is incorrect.

    Like the Third Circuit's earlier decision in the same case, *Range II* departs from controlling decisions in several other circuits, including this Court's precedent as well as that of the Fourth, Eighth, and Eleventh Circuits. *See* Gov't Suppl. Brief re *Rahimi* 1-8; Gov't 28(j) letter re *Hunt* (Dec. 20, 2024). As the Fourth and Eighth Circuits have reaffirmed since *United States v. Rahimi*, 502 U.S. 680 (2024), individualized challenges to Section 922(g)(1) fail not only because of binding Circuit precedent but also because of the substantial textual and historical support for the statute. *See* Gov't Suppl. Brief re *Rahimi* 9-10; Gov't Br. 16-50; *United States v. Jackson*, 110 F.4th 1120, 1125-27 (8th Cir. 2024); *United States v. Hunt*, No. 22-4525, 2024 WL 5149611, at *5-8 (Dec. 18, 2024).

Sincerely,

*/s/ Kevin B. Soter*
Kevin B. Soter

cc: All counsel (via CM/ECF)