**PUBLISH**

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

February 11, 2025

Christopher M. Wolpert
Clerk of Court

MELYNDA VINCENT,

    Plaintiff - Appellant,

v.

PAMELA J. BONDI, Attorney General of the United States,[*]

    Defendant - Appellee.

No. 21-4121

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:20-CV-00883-DBB)**
_____

Sam Meziani, Goebel Anderson PC, Salt Lake City, Utah (Amberly Page, Goebel Anderson PC, Salt Lake City, Utah, Jeremy Delicino, Jeremy Delicino LLC, Salt Lake City, Utah, and Jeffrey T. Green, Green Law Chartered LLC, Bethesda, Maryland, with him on the briefs), for Plaintiff-Appellant.

Kevin Benjamin Soter, Attorney, Appellate Staff (Trina A. Higgins, United States Attorney, Brian M. Boynton, Principal Deputy Assistant Attorney General, Mark B. Stern and Michael S. Raab, Attorneys, Appellate Staff, U.S. Department of Justice, Washington, D.C., with him on the brief), for Defendant-Appellee.
_____

Before **BACHARACH**, **KELLY**, and **CARSON**, Circuit Judges.
_____

---

[*] Pursuant to Fed. R. App. P.43(c)(2), Pamela J. Bondi is substituted for Merrick B. Garland as the Appellee in this appeal.

_____

**BACHARACH**, Circuit Judge.

_____

Ms. Melynda Vincent sued the Attorney General, claiming that the Second Amendment entitles her to possess firearms. We rejected this claim and dismissed the action. *Vincent v. Garland*, 80 F.4th 1197, 1200–02 (10th Cir. 2023). But the Supreme Court vacated our dismissal and remanded for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *Vincent v. Garland*, 144 S. Ct. 2708 (2024) (mem.).[1] Given this remand, we've freshly considered the Second Amendment claim and conclude that *Rahimi* doesn't undermine the panel's earlier reasoning or result.

**1.    Ms. Vincent is prohibited from possessing firearms.**

Ms. Vincent was convicted of bank fraud, a federal felony. 18 U.S.C. § 1344. This conviction triggered 18 U.S.C. § 922(g)(1), which prohibits individuals with felony convictions from possessing firearms. Ms. Vincent claims that the Second Amendment prohibits application of § 922(g)(1) to nonviolent offenders like herself.

---

[1] The remand doesn't necessarily signal a disagreement with the panel's reasoning or result. *See* Stephen M. Shapiro et al., *Supreme Court Practice* ch. 5, § 5.12(b) (11th ed. 2019); *see also Lawrence v. Chater*, 516 U.S. 163, 174 (1996) (noting that the Supreme Court was granting certiorari, vacating the circuit court's judgment, and remanding given the uncertainty about "the legal impact of a new development"). So we view the Supreme Court's remand as a direction to reassess the validity of our panel opinion in light of *Rahimi*.

**2.  Our precedent renders this prohibition constitutional.**

We addressed a similar constitutional challenge to § 922(g)(1) in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009). There we held that § 922(g)(1) does not violate the Second Amendment. *Id.* at 1047. A precedent like *McCane* would generally bind us when addressing the same issue. *United States v. Salazar*, 987 F.3d 1248, 1254 (10th Cir. 2021). But an exception exists when the Supreme Court has indisputably and pellucidly abrogated our precedent. *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015).

Ms. Vincent argues that the Supreme Court abrogated *McCane* in *United States v. Rahimi*, 602 U.S. 680 (2024). In a non-precedential opinion, we rejected Ms. Vincent's reading of *Rahimi*. *United States v. Curry*, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024) (unpublished). We do so again.

In *McCane*, we held that § 922(g)(1) was constitutional, relying on the Supreme Court's statement in *District of Columbia v. Heller* that it was not "cast[ing] doubt on longstanding prohibitions on the possession of firearms by felons." 573 F.3d 1037, 1047 (10th Cir. 2009) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). *Rahimi* again recognized the presumptive lawfulness of these longstanding prohibitions, "like those on the possession of firearms by 'felons.'" *Rahimi*, 602 U.S. at 682 (quoting *Heller*, 554 U.S. at 626, 627 n.26). With this recognition of the

3

prohibitions as presumptively lawful, three other circuits have held that *Rahimi* doesn't abrogate their earlier precedents upholding the constitutionality of § 922(g)(1). *United States v. Hunt*, 123 F.4th 697, 703–04 (4th Cir. 2024); *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024); *United States v. Hester*, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024) (per curiam) (unpublished).[2]

The Sixth Circuit has taken a different approach, concluding that its precedent on § 922(g)(1) is no longer viable. *United States v. Williams*, 113 F.4th 637, 648 (6th Cir. 2024). For this conclusion, the court relies on *Bruen* and *Rahimi*, which reiterated the need to consult historical analogs. *Id.*

We depart from the Sixth Circuit's approach. Under the Supreme Court's order, our sole task is to consider the effect of *Rahimi*. To do so, we must follow our prior opinion in *McCane* unless it has been

---

[2] After *Rahimi* was decided, the Third and Fifth Circuits recognized abrogation of their earlier precedents. But to do so, those courts relied on *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)—not *Rahimi*. *Range v. Att'y Gen. U.S.*, 2024 WL 5199447, at *3 (3d Cir. Dec. 23, 2024); *United States v. Diaz*, 116 F.4th 458, 465 (5th Cir. 2024). Unlike our court, those circuits had earlier upheld the constitutionality of gun restrictions by considering the relationship between § 922(g)(1) and a sufficiently important governmental interest. *United States v. Marzzarella*, 614 F.3d 85, 97 (3d Cir. 2010); *United States v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001). The Supreme Court rejected that method of analysis in *Bruen*, 597 U.S. at 26. But *McCane* had approached the issue differently than the Third and Fifth Circuits. *See* p. 3, above. In any event, the remand requires reconsideration in light of *Rahimi*, not *Bruen*.

indisputably and pellucidly abrogated. *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015).

In *McCane*, we relied on *Heller*'s instruction that felon dispossession laws are presumptively valid. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *see* p. 3, above. This presumption was reaffirmed in *Rahimi*. 602 U.S. at 682. So *Rahimi* doesn't clearly abrogate the presumptive validity of § 922(g)(1). *See United States v. Hunt*, 123 F.4th 697, 703 (4th Cir. 2024) (concluding that "nothing in *Bruen* or *Rahimi*" would undermine the Fourth Circuit's earlier reliance on *Heller* to uphold the constitutionality of § 922(g)(1)).

One district court in our circuit ruled that *Rahimi* had overturned *McCane*, relying on the absence of a historical inquiry. *United States v. Forbis*, 2024 WL 3824642, at *4–5 (N.D. Okla. Aug. 14, 2024). But that court and three other district courts have elsewhere concluded that *McCane* remains binding after *Rahimi*.

| Case | Is *McCane* abrogated by *Rahimi*? |
|---|---|
| *United States v. Rodish*, 2024 WL 4905716, at *3 (D. Colo. Nov. 27, 2024) | No. |
| *United States v. Hawkins*, 2024 WL 4751401, at *4 (D. Kan. Nov. 12, 2024) | No. |
| *United States v. Sutton*, 2024 WL 3932841, at *4 (N.D. Okla. Aug. 23, 2024) | No. |
| *United States v. Harris*, 2024 WL 3571756, at *4 (W.D. Okla. July 29, 2024) | No. |

We too conclude that *McCane* remains binding.

**3.    *McCane* applies to nonviolent as well as to violent offenders.**

Ms. Vincent argues, however, that the Second Amendment protects nonviolent offenders like herself. But this argument is unavailable under *McCane*. There we upheld the constitutionality of § 922(g)(1) without drawing constitutional distinctions based on the type of felony involved. *See In re: United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) (unpublished) (stating that *McCane* had "rejected the notion that *Heller* mandates an individualized inquiry concerning felons pursuant to § 922(g)(1)")[3]; *accord United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) (concluding "that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"). *McCane* instead upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies. *See* p. 3, above. Under *McCane*, the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders like Ms. Vincent. So we readopt our prior opinion and affirm the dismissal.[4]

---

[3]    *In re: United States* is persuasive but not precedential. 10th Cir. R. 32.1(A).

[4]    Ms. Vincent also requests that we sua sponte engage in en banc review to reassess our pre-*Bruen* precedent. But the panel can't order en banc consideration. *See* Fed. R. App. R. 40(a) (eff. Dec. 1, 2024). And Ms. Vincent hasn't filed a petition for en banc consideration.